Plaintiffs are eleven Navajo female minors, and their parents or guardians, who have filed separate suits alleging that, while students at the Teec Nos Pos Boarding School on the Navajo Reservation (administered by the Bureau of Indian Affairs), the girls were each sexually abused and assaulted by male teachers, counsellors, or faculty aides at the school.[1] The claims are based on Articles I and VI of the Treaty of 1868 between the United States and the Navajo Tribe, 15 Stat. 667.
1. Article I is identical with the treaty provision in Hebah v. United States, 192 Ct. Cl. 785, 428 F.2d 1334 (1970), 197 Ct. Cl. 729, 456 F.2d 696, cert. denied, 409 U.S. 870 (1972). It provides that "if bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, * * * reimburse the injured person for the loss sustained.” In the first Hebah case, supra, we held that this court has jurisdiction under 28 U.S.C. § 1491, of individual claims under this treaty provision; that the treaty covers, not only whites, but also Indians working for the Federal Government; and that the only prerequisite to suit is that the claimant first make "proof’ to the "agent,” with copy to the Commissioner of Indian Affairs.
Plaintiffs allege, and defendant does not contest, that such claims for damages were made on September 30, 1977 *601 to the federal Director for the Navajo Reservation, and copies sent to the Assistant Secretary of Interior (who today stands in the place of the Commissioner of Indian Affairs for these purposes). The suits were filed in this court seventeen days later, on October 17, 1977.
Defendant has moved to dismiss the petitions, insofar as the claims rest on Article I, on the sole ground that the plaintiffs failed to exhaust their administrative remedy since the seventeen days between the filing of the claims under the treaty and the commencement of these suits was too short for proper administrative consideration by the Interior Department. Apparently the Department has done nothing toward investigating the claims since the suits were filed on October 17, 1977.
Assuming with defendant that insufficient time for administrative consideration had elapsed when this litigation began in October 1977, the court cannot understand why nothing at all was done by the Interior Department after that time.[2] The general circumstances were not wholly unknown in October 1977. Not only were the treaty claims then on file but administrative claims under the Federal Tort Claims Act had been presented (on behalf of six of the minor plaintiffs) almost a year previously (November 24, 1976) and had been denied by Interior in June 1977. Notice that a treaty claim would be made was filed on May 31, 1977 and very shortly thereafter the Interior field office requested proof of such claims from the Indians. Plaintiffs have filed an uncontroverted affidavit indicating that various personnel of the Interior Department were aware of these very complaints, beginning at least in 1976, and had had some inquiries made. In July 1977 the Navajo Tribal Council Advisory Committee conducted a hearing and decided to exclude the white accused (see footnote 1, supra) from the Reservation because of his asserted conduct toward his minor female students. Obviously there was sufficient information for the Interior Department to go forward to investigate the treaty claims formally filed on September 30, 1977. We have been given no reason why this was not done, except that the defendant felt that it could get the petitions *602 dismissed on the technical ground that insufficient time had elapsed at the moment of filing. This seems to us no defense at all now that over a year has elapsed.
The unexcused failure to pass on the Article I treaty claims in the fifteen months since the petitions were filed[3] might well warrant our now considering the claims to have been administratively denied through unreasonable delay, but in view of the specific references in Article I to administrative consideration[4] we will not take that course but will allow the Department a period of ninety (90) days from the date of this order in which to make a decision upon the treaty applications filed by plaintiffs. No extension of time will be granted except for truly extraordinary circumstances. Meanwhile further proceedings in this court will be suspended.
2. Defendant’s motion to dismiss also urges that the claim under Article VI should be dismissed for failure to state a claim. Article VI provides for education and schooling for Navajo children and includes, among its stipulations, that the Federal Government will provide competent teachers who will "faithfully discharge his or her duties as a teacher.” 15 Stat. at 669. The Government urges that Article VI has not (under its terms) been in effect since 1878 and that in any event it does not cover individual (nontribal) claims for personal injuries inflicted on students by teachers.
We do not and need not consider Article VI at this time. Plaintiffs’ claim can stand under Article I alone and nothing substantial would be added to the proof of either side through invocation of Article VI. The duration and coverage of Article VI is now pending before the court in Navajo Tribe of Indians v. United States, No. 69 (on transfer from the Indian Claims Commission), a much more far-reaching litigation, and it is inappropriate to pass on Article VI in this case where it is unnecessary to do so at this stage.
IT IS THEREFORE ORDERED that:
1. Defendant’s motion to dismiss is denied with respect to the claims under Article I of the Treaty;
*603 2. Proceedings in this court will be suspended for a period of ninety (90) days from the date of this order to enable the Assistant Secretary of Interior to make a decision on plaintiffs’ applications under Article I of the Treaty, and that period will not be extended except for truly extraordinary circumstances; and
3. Defendant’s motion to dismiss is denied without prejudice with respect to the claims under Article VI of the Treaty.

 Most of the charges are against a white, non-Indian counsellor, but two Navajos on the school faculty are also said to have been involved in some of the incidents.

 The Government’s motion to dismiss was not even filed until February 17, 1978.

 The motion to dismiss was argued orally in January 1979.

 Article I declares that "no such damage shall be adjusted and paid until thoroughly examined and passed upon by the Commissioner of Indian Affairs * * * ” 15 Stat. at 667-68.