Indian claims; failure to exhaust administrative remedies; Treaty provisions. — On June 27, 1980 the court entered the following order:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
These Navajo treaty claims come before the court again on defendant’s motion for summary judgment. Plaintiffs, eleven minor Navajo females and their parents or guardians, bring claims amounting to over ten million dollars under Articles I and VI of the 1868 treaty between the Navajo Nation and the United States. 15 Stat. 667 (June 1, 1868). Given plaintiffs’ failure to exhaust their administrative remedies and properly challenge the administrative decision, we are compelled to grant defendant’s motion for the reasons stated below.
Article I provides that "If bad men among the whites, or among other people subject to the control of the United States, shall commit any wrong upon the person ... of the Indians, the United States will, upon proof [to the Assistant Secretary of the Interior for Indian Affairs], reimburse the injured person for the loss sustained.” See Hebah v. United States, 192 Ct. Cl. 785, 428 F.2d 1334 (1970), cert. denied, 409 U.S. 870 (1972). Plaintiffs’ claims under Article I rest upon the alleged sexual assault and abuse of the minors by a white guidance counsellor or two Navajo aides while the minor plaintiffs were students at the Teec Nos Pos Boarding School on the Navajo Reservation.
Article VI provides for the establishment of a compulsory school system by the government and the provision of teachers. Since the article also requires that such teachers will "faithfully discharge” their duties, plaintiffs argue that any sexual assault or abuse by such a teacher is a breach of Article VI and results in damages under Article I. Thus, *714 plaintiffs Article VI claims here are also based on the alleged misconduct and restitutionary provisions of Article I.
Previously, defendant moved to dismiss plaintiffs’ Article I claims on the grounds that plaintiffs had failed to exhaust their administrative remedies. Since Article I explicitly provides for the administrative review of claims by the Assistant Secretary (referred to in the Treaty as the Commissioner of Indian Affairs), this court, on January 26, 1979, ordered an administrative hearing within ninety days or the claims would be deemed denied. Begay v. United States, 219 Ct.Cl. 599. Following that order, a hearing was held on the Navajo Reservation by Ms. Frances A. Patton of the Office of Hearing and Appeals, Washington, D.C., in accordance with 43 C.F.R. part 4 (1979). She reviewed the submitted evidence and recommended denying plaintiffs’ claims for lack of proof. The Assistant Secretary accepted the hearing officer’s decision and denied the claims. Thereafter, the case returned to this court and defendant moved for summary judgment.
Assuming, without deciding, that the treaty gives plaintiffs a cause of action, see Hebah supra, they are thwarted by its own terms. Article I specifies that the Assistant Secretary’s decision determining whether to pay damages shall be final and binding upon the parties. Thus, any review by us is limited to deciding whether the administrative decision is either arbitrary and capricious, unsupported by substantial evidence, or not in accordance with the law. Despite this obvious limitation, plaintiffs’ attorney’s litigation strategy at the hearing and before this court made a mockery of the explicit treaty requirements, the court ordered administrative hearing and our jurisdictional limitation.
Contrary to plaintiffs’ argument that no rules have been published to govern treaty determinations, general rules governing hearings and appeals before the Department of the Interior are found in 43 C.F.R. part 4. Moreover, prior to the hearing, the Assistant Secretary notified plaintiffs’ attorney that he could present additional evidence, prepare and submit both proposed findings of fact and amendments to the hearing officer’s recommendation. Furthermore, *715 plaintiffs’ were also notified that the affidavits submitted to that point were insufficient to prove the claims. Incomprehensibly, plaintiffs’ attorney failed to object to the proposed hearing format, rules for procedure and standards for determination until at oral argument before this court. Given the failure to attack the decision on the proper legal grounds, reserve his objections, submit proposed findings or provide comments on the hearing officer’s decision for transmission to the Secretary, the claimants must be deemed to have failed to exhaust their administrative remedies.
Plaintiffs were aware that given the nature of their claims, the Department was unsatisfied with affidavits from four of the minors and the psychiatrist hired for all eleven. Their attorney refused to allow them to testify absent certain safeguards designed to protect them from the emotional trauma associated with retelling of the incidents. Yet, prior to the hearing, the Assistant Secretary provided that
Because of the age of the minor plaintiffs and the nature of the incidents in which they were allegedly involved, the hearing will be closed to the public, and the hearing officer will take every reasonable precaution to minimize adverse affects in the hearing upon any minor who may be called to testify therein, [emphasis added].
Despite this offer, plaintiffs never requested their special precautions of the hearing officer; never lodged an objection to the procedures used; steadfastly refused to testify despite several plaintiffs having done so in other forums;[1] and failed to make this argument prior to oral argument in violation of our rules. See Rule 144(a)(5).
Plaintiffs also presented us with numerous arguments concerning the validity of the hearing procedure for the first time at oral argument on appeal. At that time, plaintiffs’ attorney conceded that: he had the opportunity to present proposed findings of fact-and failed to do so; he had the opportunity to comment upon the hearing officer’s proposed decision-and failed to do so; and, he failed to *716 request the precautions for testimony which the hearing officer was under a duty to accept if reasonable. Moreover, he complained that he received notification with insufficient time to prepare for the hearing, yet failed to request an extension of time. All told, these multiple derelictions amount to a virtual failure to prosecute, particularly when plaintiffs’ are demanding over 10 million dollars of the taxpayers’ funds. Given the fact that we have been presented with no basis upon which to find the Assistant Secretary’s denial of these claims arbitrary and capricious, unsupported by substantial evidence or contrary to law, plaintiffs’ Article I and VI claims are denied. Since we decide the case on the failure to exhaust administrative remedies, we need not reach the parties’ other arguments.
Accordingly, upon consideration of the litigants’ submissions and after oral argument, defendant’s motion to dismiss is granted. Plaintiffs’ petitions are dismissed.
Plaintiffs’ motion for rehearing was denied October 3, 1980. Plaintiffs’ petition for a writ of certiorari was denied April 6,1981, 450 U.S. 1040.

 Several testified before the Advisory Committee of the Navajo Tribal Council, were scheduled for the Civil Service Hearing of the guidance counsellor, and offers to testify were made earlier if defendant would provide certain documents.